```
            IN THE UNITED STATES DISTRICT COURT FOR
               THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH R. MICHAELS,              :
                                  :
              Petitioner,         :
      v.                          :
                                  : No.
BRAD A. SHOEMAKER, Warden         :
Lycoming County Prison,           :
                                  :
              Respondent.         : (Judge          )
```

**<u>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241</u>**

Petitioner, Kenneth R. Michaels, by and through his undersigned counsel, pursuant to the Eighth Amendment and Due Process and Equal Protection Clauses of the Fourteenth Amendment, hereby files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and respectfully represents the following:

1. Since September 2023, 67-year-old Petitioner Kenneth Michaels, the CEO of Cable Services Company, Inc. ("Cable Services"), who has no criminal history, has been confined in a Lycoming County jail cell.

2. Mr. Michaels has not been convicted of any crime.

3. On August 31, 2023, Mr. Michaels was charged with an open count of Criminal Homicide, pursuant to 18 Pa. C.S.A. § 2501 and one count of Possessing Instruments of Crime, pursuant to 18 Pa. C.S.A. § 907.

4. The allegations stemmed from a fatal single gunshot fired in self-defense at a former employee and brother-in-law, who in an

irate state and without permission, entered Cable Services' premises to confront and attack Mr. Michaels.

5. After his arrest, a preliminary arraignment was held on September 14, 2023, before Magisterial District Judge William Solomon who refused to set any bail whatsoever for Mr. Michaels.

6. That denial of bail did not result from any evidentiary hearing or proffer of bail considerations, but rather was a summary denial because of the nature of the open count of homicide.

7. The legal basis for Mr. Michaels' denial of bail is the open count of Criminal Homicide charge and the possibility of a life sentence, pursuant to the bail exception provision of Article I, § 14 of the Pennsylvania Constitution.

8. Under that provision, the Pennsylvania Constitution provides in relevant part that "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital punishment or for offenses for which the maximum sentence is life imprisonment or unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or the presumption great . . . ."

9. On October 23, 2023, Mr. Michaels filed a motion to set reasonable bail.

10. In that motion, Mr. Michaels alleged that notwithstanding facing a life sentence for murder, the court had jurisdiction and the

2

power to grant reasonable bail and bail was appropriate under the totality of the circumstances considering the proof evident and presumption great standard.

11.  Mr. Michaels also argued that the provision of Article I, § 14 that denies bail to those facing life imprisonment, on its face, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

12.  Consequently, a two-day bail hearing was held on November 8 and 14, 2023.  During that hearing, the trial court did not consider any of the relevant bail procedures set forth in Rule 523 et seq. of the Pennsylvania Rules of Criminal Procedure and only considered the presumption of detention for a life-eligible felony under the Pennsylvania Constitution.

13.  On February 13, 2024, the Lycoming County Court of Common Pleas denied the request for bail.  In its decision, the court did not specifically address the federal constitutional challenges raised.  See Pet'r's Ex. 1 (Lycoming County Ct. Com. Pl. Op., Feb. 13, 2024).

14.  On March 8, 2024, Mr. Michaels filed a petition for special review of the denial of bail to the Superior Court of Pennsylvania.

15.  In that petition, Mr. Michaels argued that the trial court abused its discretion in denying bail and the trial court did not give any consideration to the federal constitutional challenges

raised.

16. On August 27, 2024, the superior court affirmed the denial of bail.

17. In its decision, the superior court declined to render an opinion as to the federal constitutional challenges raised as "underdeveloped," even though the issue was clearly raised in the first instance in the trial court.  See Pet'r's Ex. 2 (Superior Ct. Op. Aug. 27, 2024).

18. No appeal was filed to the Pennsylvania Supreme Court.

19. Consequently, because Mr. Michaels is a pre-trial detainee, this matter is appropriately considered pursuant to 28 U.S.C. § 2241.

20. Mr. Michaels presented his federal claims to the courts of Pennsylvania and those courts rejected his claims; therefore, he has satisfied any exhaustion requirement.

21. Furthermore, since the continued incarceration will hamper the preparation of Mr. Michaels' defense, his claims have been exhausted, and any further state court litigation on this matter would be ineffective, this Court has jurisdiction to provide him with a "prompt remedy."  See Fay v. Noia, 372 U.S. 391, 401-402 (1963).

22. Mr. Michaels' rights under the Fourteenth Amendment to the United States Constitution have been violated in several ways.

23. First, Mr. Michaels' substantive and procedural rights against the deprivation of pre-trial liberty, arising under the Due

Process Clause of the Fourteenth Amendment, have been infringed.

24. Second, the absolute denial of bail, pursuant to the Pennsylvania bail exception under the Pennsylvania Constitution, creates an unconstitutional classification and a violation of the Equal Protection Clause of the Fourteenth Amendment.

25. The complete denial of bail in this case for Mr. Michaels, as a defendant in a life-eligible felony case, denies him equal treatment with those defendants in a non-life-eligible felony cases.

26. This unjust classification affects Mr. Michaels' fundamental rights, including the presumption of innocence and his right to a fair trial.

27. Third, the Pennsylvania life imprisonment trigger for denial of bail based upon the classification of the offense alone, for an individual charged with capital murder or a life felony, without any determination of individual suitability for release, violates the excessive bail clause of the Eighth Amendment.

28. As a result, there are no constitutionally sufficient grounds to continue to detain Mr. Michaels.

29. The continued pre-trial detention of Mr. Michaels is in clear violation of the United States Constitution.

WHEREFORE, Mr. Michaels respectfully requests the following relief:

a. the writ of habeas corpus be granted and he be released on

reasonable bail conditions pursuant to Rule 523 et seq. of the Pennsylvania Rules of Criminal Procedure;

    b.    the Court remand the matter to the Lycoming County Court of Common Pleas with a directive that the court hold a full and complete hearing for consideration of all bail factors set forth in Rule 523 et seq.;

    c.    the Court require the Commonwealth of Pennsylvania to file an answer to this Petition, specifically admitting or denying the allegations set forth above;

    d.    that Mr. Michaels be permitted to file a reply in support of this Petition in which he may address the prosecution's response;

    e.    that leave to amend this Petition, if necessary, be granted;

    f.    that a hearing be held on this matter to determine if relief is warranted; and,

    g.    that the Court grant such other relief that may be just and proper.

Dated:  August 15, 2025

                    MIELE & RYMSZA, P.C.

                    By:   s/Edward J. Rymsza
                          Edward J. Rymsza, Esq.
                          Pa. I.D. No. 82911
                          Attorney for Petitioner
                          125 East Third Street
                          Williamsport, PA  17701
                          (570) 322-2113
                          (570) 322-8813 (facsimile)
                          Rymsza@comcast.net


                  RUDINSKI, ORSO & ASSOCIATES

                  By:   s/Michael J. Rudinski
                          Michael J. Rudinski, Esq.
                          Pa. I.D. No. 37971
                          Attorney for Petitioner
                          339 Market Street
                          Williamsport, PA  17701
                          (570)321-8090

**CERTIFICATE OF SERVICE**

    I, Edward J. Rymsza, Esq., hereby certify that on the date below, I served a copy of this Petition to Martin Wade, Esq., Assistant District Attorney of Lycoming County, and Brian Bluth, Esq., solicitor for the Lycoming County Prison by electronic mail.

Dated:    August 15, 2025

                              MIELE & RYMSZA, P.C.


                            By:  <u>s/ Edward J. Rymsza</u>
                                  Edward J. Rymsza, Esq.
                                  Pa. I.D. No. 82911
                                  Attorney for Petitioner
                                  125 East Third Street
                                  Williamsport, PA  17701
                                  (570) 322-2113
                                  (570) 322-8813 (fax)
                                  rymsza@comcast.net