IN THE UNITED STATES DISTRICT COURT FOR
               THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH R. MICHAELS,           :
                               :
          Petitioner,          :
     v.                        :
                               : No. 3:25-CV-01511
BRAD A. SHOEMAKER, Warden      :
Lycoming County Prison,        :
                               :
          Respondent.          : (Magistrate Judge Camoni)

                **BRIEF IN SUPPORT OF PETITION FOR**
           **WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

     Petitioner, Kenneth R. Michaels, by and through his undersigned counsel, hereby files this Brief in support of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

                **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

     On August 31, 2023, Mr. Michaels was charged with an open count of Criminal Homicide and one count of Possessing Instruments of Crime.[1] The allegations stemmed from a fatal single gunshot fired in self-defense at a former employee and brother-in-law, John Roskowski, who in an irate state and without permission, entered Cable Services Company, Inc., ("Cable Services") premises to confront and attack Mr. Michaels.

     After his arrest, a preliminary arraignment was held on September 14, 2023 before Magisterial District Judge William Solomon

---

[1] The open count of homicide in Pennsylvania includes all forms of homicide -- first, second and third-degree murder and manslaughter. See 18 Pa. C.S.A. § 2501.

who refused to set any bail whatsoever for Mr. Michaels.  That denial of bail did not result from any evidentiary hearing or proffer of bail considerations, but rather was a summary denial because of the nature of the open count of homicide and the possibility of a life sentence, pursuant to the bail exception provision of Article I, § 14 of the Pennsylvania Constitution.

On October 23, 2023, Mr. Michaels filed a motion to set reasonable bail.  In that motion, Mr. Michaels alleged that notwithstanding facing a life sentence for murder, the court had jurisdiction and the power to grant reasonable bail and bail was appropriate under the totality of the circumstances.

Mr. Michaels also argued that the provision of Article I, § 14 that denies bail to those facing life imprisonment, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

Consequently, a two-day bail hearing was held on November 8 and 14, 2023.  During that hearing, the trial court did not consider any of the relevant bail procedures set forth in Rule 523 et seq. of the Pennsylvania Rules of Criminal Procedure and only considered the presumption of detention for a life-eligible felony under the Pennsylvania Constitution.  On February 13, 2024, the Lycoming County Court of Common Pleas denied the request for bail.  In its decision, the court did not specifically address the federal constitutional

challenges raised.

On March 8, 2024, Mr. Michaels filed a petition for special review of the denial of bail to the Superior Court of Pennsylvania. In that petition, Mr. Michaels argued that the trial court abused its discretion in denying bail and the trial court did not give any consideration to the federal constitutional challenges raised. On August 27, 2024, the superior court affirmed the denial of bail. In its decision, the superior court declined to render an opinion as to the federal constitutional challenges raised as "underdeveloped," even though the issue was clearly raised in the first instance in the trial court, but ignored making a ruling on that claim.  No appeal was filed to the Pennsylvania Supreme Court.

Consequently, on August 15, 2025, Mr. Michaels, through counsel, filed a petition for writ of habeas corpus.  This brief is submitted in further support of that petition.

**ARGUMENT**

**I.**

**THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 2241 TO ADJUDICATE MR. MICHAELS' CHALLENGE TO HIS PRE-TRIAL DETENTION**

A state court pre-trial detainee may challenge his or her detention pursuant to 28 U.S.C. § 2241.  See Gregory v. Pennsylvania, No. 4:20-CV-02308, 2020 WL 711290, at *1 (M.D. Pa. Dec. 29, 2020) (Brann, J.); Smith v. Pennsylvania Attorney Gen.,

3

No. 1:11-CV-1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (Mannion, J.). Federal courts have jurisdiction under § 2241 to issue a writ of habeas corpus before a state criminal judgment is entered. See Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975); Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010).

As a result, 28 U.S.C § 2254's heightened standards of review do not apply to this case and this Court should review the legal determinations of the state court and the constitutional adequacy of the procedures they used to make them, de novo. See McNeely v. Blanas, 336 F.3d 822, 824 N.1 (9th Cir. 2003); Green v. Court of Common Pleas, No. 08-1749, 2008 WL 2036828, at *6 (E.D. Pa. May 8, 2008).

**II.**

**MR. MICHAELS' CONTINUED DETENTION IS UNCONSTITUTIONAL BECAUSE HIS DEPRIVATION OF PRE-TRIAL LIBERTY UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT HAS BEEN VIOLATED**

The Due Process Clause of the Fourteenth Amendment provides that the government may not deprive "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. Due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." Washington v. Glucksberg, 521 U.S. 702, 720 (1997). The Due Process Clause "confers both substantive and procedural rights." Albright v. Oliver, 510 U.S. 266, 272

4

(1994). Substantive due process "prohibits States from infringing fundamental liberty interests, unless the infringement is narrowly tailored to serve a compelling state interest." Lawrence v. Texas, 539 U.S. 558, 593 (2003). Procedural due process protects liberty interests by "minimi[zing] substantively unfair or mistaken deprivations of life, liberty, or property by enabling persons to contest the basis upon which a State proposes to deprive them of protected interests." Carey v. Piphus, 435 U.S. 247, 259-60 (1978). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Matthews v. Eldridge, 424 U.S. 319, 332 (1976).

"Bail is basic to our system of law." Schlib v. Kuebel, 404 U.S. 357, 365 (1971). The United States Supreme Court has held that the right to pre-trial liberty is "fundamental." United States v. Salerno, 481 U.S. 739, 750 (1987); see also United States v. Montalvo-Murillo, 495 U.S. 711, 716 (1990) (noting that in the context of pre-trial detention, "a vital liberty interest is at stake.") (citing Salerno, 481 U.S. at 739). This fundamental right to pre-trial liberty is protected by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government

5

custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."); Foucha v. Louisiana, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.").

Notably, the right to be free from government detention is acutely compelling when a suspect accused of a crime has not been convicted at trial and is cloaked with the presumption of innocence. See Stack v. Boyle, 342 U.S. 1, 5 (1951) (stating that the "traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction . . . [u]nless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.").

Consequently, any deprivation of that liberty must withstand heightened constitutional scrutiny, which requires that the deprivation must be narrowly tailored to advance a compelling government interest. See Zablocki v. Redhail, 434 U.S. 374, 388 (1978) (noting that when the government's action infringes a fundamental right, "it cannot be upheld unless it is supported by sufficiently important state interests and is

6

closely tailored to effectuate only those interests."). As the Supreme Court stated in Salerno, "[i]in our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Salerno, 481 U.S. at 755.

In Salerno, the Supreme Court considered a challenge to the then-recent Bail Reform Act, which permitted the government to detain people charged with "extremely serious offenses" found to be dangerous, after an adversary hearing, and only by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community. Id. at 740. In reaching its holding, the Court utilized a heightened level of scrutiny, finding that the government may detain individuals before trial only when that detention is carefully limited to serve a "compelling" government interest. Id. at 746.

Therefore, Salerno confirmed that there is a substantive interest in pre-trial liberty and required that pre-trial detention decisions be subjected to heightened constitutional scrutiny. Most importantly, the government may deprive a presumptively innocent person of his or her physical liberty only if doing so is carefully tailored to advance a compelling state interest. Id. at 746-48. Thus, the government may detain someone pre-trial only if other, less restrictive means are unavailable to serve the state's interests: if no condition or

7

combination of conditions could reasonably mitigate those risks such that complete pre-trial detention of a presumptively innocent person is necessary.

As a result, since <u>Salerno</u>, courts have applied the Supreme Court's reasoning to protect the substantive right to pre-trial liberty.  <u>See</u> <u>Lopez-Valenzuela v. Arpaio</u>, 770 F.3d 772, 780 (9th Cir. 2014) (applying heightened scrutiny to Arizona bail law because it infringes on the "fundamental" right to pre-trial liberty); <u>Odonnell v. Harris Cty., Texas</u>, 251 F. Supp. 3d 1053, 1143 (S.D. Tex. 2017) (finding that release from custody before trial "implicates fundamental constitutional guarantees: the presumption of innocence and the right to prepare for trial"); <u>Williams v. Farrior</u>, 626 F. Supp. 983, 986 (S.D. Miss. 1986) (holding that a state's pre-trial detention scheme must meet "strict judicial scrutiny" because of the fundamental rights at issue.).

Applying these important principles, Mr. Michaels' due process rights were violated in two ways.

First, the state trial court relied solely on the presumption of detention found for a life-sentence felony.  In doing so, it violated Mr. Michaels' right against the deprivation of pre-trial liberty, arising under the Due Process Clause of the Fourteenth Amendment.  Such a substantive right

8

cannot be denied unless the government satisfies heightened scrutiny by showing that no alternative to pre-trial detention would serve the government's compelling interest in reasonably assuring Mr. Michaels' appearance at trial or the safety of the community.

Second, while an evidentiary hearing on the merits was held, procedurally, no court made the decision to deny this substantive right pursuant to a hearing in which the appropriate legal standards, that complied with the requirements for preventive detention set forth in Salerno and codified under Pennsylvania Rule of Criminal Procedure 523, were satisifed.[2] No finding that Mr. Michaels was a danger to the community or risk of flight was made, nor were there any considerations of whether there existed conditions of release that could reasonably assure his presence at trial and the safety of the community. At its core, procedural due process guarantees "protections . . . necessary to ensure that any deprivation of a substantive right is neither arbitrary nor erroneous under the [aforementioned] standards." Washington v. Harper, 494 U.S. 210, 228 (1990).

---

[2] The procedural due process safeguards under Salerno include a heightened legal and evidentiary standard of proof of dangerousness by clear and convincing evidence and consideration of alternative conditions of release to evaluate whether there are any condition or combination of conditions of release, short of complete incarceration, that can reasonably protect the government's interests. See Salerno, 481 U.S. at 740-41; 751.

Accordingly, Mr. Michaels requests that his relief be granted and his immediate release be ordered unless a proper state court bail hearing is held that complies with the requirements of preventive detention set forth in Salerno and codified in Pennsylvania law and the applicable rules of criminal procedure.

### III.

**THE ABSOLUTE DENIAL OF BAIL DENIES MR. MICHAELS, A DEFENDANT FACING A LIFE SENTENCE FOR MURDER, EQUAL TREATMENT WITH THAT AFFORDED TO DEFENDANTS IN NON-LIFE MURDER CASES, THEREBY CREATING AN UNJUST CLASSIFICATION, IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT**

The Equal Protection Clause of the Fourteenth Amendment prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Equal Protection Clause demands "that all persons similarly situated should be treated alike." Plyler v. Doe, 457 U.S. 202, 216 (1982); see also Williams v. Illinois, 399 U.S. 235, 241 (1970) (noting the Court's "allegiance to the basic command that justice be applied equally to all persons."). "Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made." Baxstrom v. Herold, 383 U.S. 107, 111 (1966).

Here, Pennsylvania's bail system creates a classification that affects fundamental rights of litigants like Mr. Michaels. An unlawful classification has been made distinguishing an absolute denial of bail to a defendant facing a life felony for homicide with those defendants in non-life felony cases.[3]  See Escandar v. Ferguson, 441 F. Supp. 53 (S.D. Fla. 1977) (finding Florida's bail procedure created an unlawful classification). This classification affects the fundamental rights of Mr. Michaels, namely, his presumption of innocence and his right to a fair trial.  See In Re Winship, 397 U.S. 358, 363 (1970) (describing the presumption of innocence as "that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law'") (internal citation omitted); Stack, 342 U.S. at 4-5 ("the traditional right to freedom before conviction permits the unhampered preparation of a defense").

Next, the government's compelling interest served by bail is to ensure the presence of Mr. Michaels at trial.  While the government may have an interest in detaining an individual deemed to be a danger to the community, the function of bail is limited and must be based upon standards relevant to assuring

---

[3] Although charged with an "open" count of homicide, only first and second-degree murder carry a maximum life sentence.  Third-degree murder and manslaughter do not. See 18 Pa. C.S.A. §§ 1102, 1103.

the presence of Mr. Michaels in court. See id. at 4 ("the right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty").

Finally, there are less-restrictive means for the government achieving its compelling interest of assuring the appearance of criminal defendants at trial. This process includes the trial court looking beyond simply the maximum possible sentence yardstick. The court should consider all the relevant bail factors such as ties to the community, criminal history, employment history, and the like, that those charged with non-life charges are subjected to. However, Pennsylvania law strictly precludes any of these relevant considerations based upon the flawed theory that once it is established that the maximum possible sentence is death or life in prison the defendant will not appear.

Consequently, the denial of bail to Mr. Michaels, under the Pennsylvania bail scheme, is a violation of the Equal Protection Clause of the Fourteenth Amendment.

**IV.**

**THE PENNSYLVANIA LIFE IMPRISONMENT TRIGGER FOR DENYING BAIL VIOLATES THE EXCESSIVE BAIL CLAUSE OF THE EIGHTH AMENDMENT**

The Eighth Amendment to the United States Constitution

states in relevant part that "[e]xcessive bail shall not be required." U.S. Const. amend. VIII. The excessive bail clause of the Eighth Amendment is incorporated into the Fourteenth Amendment and applicable to the states. See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Robinson v. California, 370 U.S. 660 (1962); Sistrunk v. Lyons, 646 F.2d 64 (3d Cir. 1981).

The Eighth Amendment prohibits a state from categorically denying bail to a class of defendants. There is no difference between bail that is excessive in amount and the denial of bail altogether without legitimate reasons. See United States ex rel. Goodman v. Kehl, 456 F.2d 863, 868 (2d Cir. 1972).

Here, the absolute denial of bail because of the nature of the charge, without any consideration of any of the salient bail considerations germane to an individual's suitability for pre-trial release, is an unreasonable and arbitrary denial of bail and the equivalent to unattainable excessive monetary bail under the Eighth Amendment. See Hunt v. Roth, 648 F.2d 1148 (8th Cir. 1981), vacated as moot, sub nom., Murphy v. Hunt, 455 U.S. 478 (1982) (holding that Eighth Amendment's excessive bail clause does not forbid denial of bail in particular cases, but it does forbid blanket preclusion of bail by legislature on sole basis

of crime charged.).[4]

**CONCLUSION**

For all of the foregoing reasons, Mr. Michaels' § 2241 petition should be granted and he should be released on reasonable bail conditions. Alternatively, the Court should remand the matter back to the Lycoming County Court of Common Pleas with a directive that the court hold a full and complete evidentiary hearing for consideration of all the bail factors set forth in the Pennsylvania Rules of Criminal Procedure.

---

[4] In Hunt, the Eighth Circuit struck down an amendment to the Nebraska Constitution that was virtually identical to the amendment of the Pennsylvania Constitution at issue here. The Nebraska amendment stated "[a]ll persons shall be bailable by sufficient sureties, except for treason, sexual offenses involving penetration by force or against the will of the victim, and murder, where the proof is evident or the presumption great." Hunt, 648 F.2d at 1151.

Dated:  August 15, 2025

        MIELE & RYMSZA, P.C.

        By:  <u>s/Edward J. Rymsza</u>
            Edward J. Rymsza, Esq.
            Pa. I.D. No. 82911
            Attorney for Petitioner
            125 East Third Street
            Williamsport, PA  17701
            (570) 322-2113
            (570) 322-8813 (facsimile)
            Rymsza@comcast.net

        RUDINSKI, ORSO & ASSOCIATES

        By:  <u>s/Michael J. Rudinski</u>
            Michael J. Rudinski, Esq.
            Pa. I.D. No. 37971
            Attorney for Petitioner
            339 Market Street
            Williamsport, PA  17701
            (570)321-8090

**CERTIFICATE OF SERVICE**

    I, Edward J. Rymsza, Esq., hereby certify that on the date below, I served a copy of this Brief in Support of 2241 Petition to Lycoming County ADA Martin Wade and Brian Bluth, Esq. by electronic mail.

Dated:    August 15, 2025

                              MIELE & RYMSZA, P.C.

                          By:  <u>s/ Edward J. Rymsza</u>
                                Edward J. Rymsza, Esq.
                                Pa. I.D. No. 82911
                                Attorney for Petitioner
                                125 East Third Street
                                Williamsport, PA  17701
                                (570) 322-2113
                                (570) 322-8813 (fax)
                                rymsza@comcast.net