**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH R. MICHAELS,<br>Petitioner,<br>v.<br>BRAD A. SHOEMAKER, et al.,<br>Respondents. | CIVIL ACTION NO. 3:25-cv-1511<br><br>(Magistrate Judge Latella) |

# MEMORANDUM

## I. Introduction

The Petitioner, Kenneth R. Michaels, was charged with criminal homicide and Possessing Instruments of a Crime in Lycoming County on August 21, 2023. (See Doc 1.1, p. 1). The charges stem from a fatal single-shot shooting of Petitioner's brother-in-law and former business partner on August 17, 2023. (*Id.*). Petitioner has steadfastly maintained that the shooting was in self-defense. (*Id.* at p. 11). The Petitioner was originally arrested in New Jersey, waived Extradition, and appeared for a preliminary arraignment in Lycoming County on September 14, 2023, at which time he was denied bail. (Doc.1.1, p. 1). A preliminary hearing was held on September 22, 2023, the charges were bound over, and Petitioner was again denied bail. (*Id.*). On

October 23, 2023, the Petitioner filed a Motion to Set Reasonable Bail in the Court of Common Pleas of Lycoming County, arguing that reasonable bail was appropriate in his case and challenging the constitutionality of Article 1, Section 14 of the Pennsylvania Constitution addressing bail in Pennsylvania. (*See* Doc. 1, pp. 2-3). A bail hearing was held on November 8, 2023, and November 14, 2023. After the matter was fully briefed, the Lycoming County Court denied Petitioner's bail motion. (*See* Doc. 1.1). Petitioner then filed a Petition for Specialized Review in the Superior Court of Pennsylvania challenging the trial court's bail decision and arguing that the trial court did not address Petitioner's constitutional challenge to Article 1, Section 14 of the Pennsylvania Constitution. (Doc. 16-1, Petition for Specialized Review). On August 27, 2024, the Superior Court affirmed the trial court's denial of bail. *Commonwealth v. Michaels*, 326 A.3d 464 (Pa. Super. Ct. Aug. 27, 2024) (Table). Micheals filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 15, 2025. (Doc. 1). The Respondent filed a Motion to Dismiss, arguing that the Petitioner's claim is procedurally defaulted. (Doc. 15).

The matter has been fully briefed. For the reasons that follow, the Motion will be granted.

## II. Procedural History

This matter was initiated by the filing of a counseled *Habeas* Petition pursuant to 28 U.S.C. § 2241 on August 15, 2026. (Doc. 1). A brief in support was filed along with the Petition. (Doc. 2). The parties consented to the jurisdiction of a united states magistrate judge on October 10, 2025.[1] (Doc. 10). On October 10, 2025, the Respondents filed a Response to the Petition and a Motion to Dismiss. (Docs. 11 and 15). The Petitioner filed a Brief in Opposition to the Motion to Dismiss on November 7, 2025. (Doc. 16).

## III. Discussion

Petitioner argues that Article 1, Section 14 of the Pennsylvania Constitution, which states "All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or unless no condition or

[1] The matter was reassigned to the undersigned on January 14, 2026.

combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great…,"[2] violates the Fourteenth and Eighth Amendments to the United States Constitution. Petitioner asserts that: 1) he was denied his substantive and procedural rights under the Due Process Clause of the Fourteenth Amendment by having been deprived of pre-trial liberty; 2) that provision creates a class of individuals, *viz.*, those charged with life-eligible felonies in violation of the Equal Protection Clause of the Fourteenth Amendment and that he was denied equal treatment with those defendants in a non-life eligible felony case; and 3) that the denial of bail based on the classification of the offense charged alone violated the Eighth Amendment's Excessive Bail Clause. (Doc. 1, pp. 4-5).

[2] "To satisfy one of these exceptions, the Commonwealth must offer 'evident' proof or establish a 'great' presumption that the accused: (1) committed a capital offense, (2) committed an offense that carries a maximum sentence of life imprisonment, or (3) presents a danger to any person and the community, which cannot be abated using any available bail conditions. If the Commonwealth fails to satisfy its burden of proof, the trial court cannot deny bail." *Commonwealth v. Talley*, 670 Pa. 671, 719, 265 A.3d 485, 513 (2021).

In response to the Petition, Respondents assert that Petitioner's claims were not fully developed in the state courts and are now procedurally defaulted. Accordingly, Respondents request that the Petition be dismissed. Prior to addressing the issues of exhaustion and procedural default, an examination of the state court proceedings is necessary.

**A. History of State Cout Proceedings**

As referenced above, Petitioner filed a Motion to Set Reasonable Bail in the Court of Common Pleas of Lycoming County on October 23, 2023. That Court held hearings on November 8, 2023, and November 14, 2023. After the matter was briefed by the parties, the Lycoming County Court denied Petitioner's motion in a detailed Opinion dated February 13, 2024. (Doc. 1-1). The vast majority of the 18-page Opinion summarized the testimony at the two bail hearings and addresses whether the Commonwealth convinced the Court that it is more likely than not that the Petitioner will be convicted at trial of first-degree murder. Having found that the burden was met, the Court ordered the Petitioner to remain detained. (Doc. 1-1, p. 16). The Court

then referenced, but did not fully analyze, Petitioner's argument that Article 1, Section 14 of the Pennsylvania Constitution violated the United States Constitution. (*Id*. at pp. 16-18).

Petitioner then filed a Petition for Specialized Review in the Superior Court of Pennsylvania pursuant to Pennsylvania Rule of Appellate Procedure 1610, which allows for the review of an order denying release "by filing a petition for specialized review in the appellate court that would have jurisdiction over the appeal from the judgment of sentence."[3] Pa. R. App. P. 1610. As with the trial court's Order denying release, the vast majority of the Petition for Specialized Review focused on whether the Commonwealth met its burden. (Doc. 16-1).

The final four paragraphs of the forty-three-paragraph Petition addresd the federal constitutional issues presented in this *habeas* case and read as follows:

> 40. Finally, the trial court failed to give any meaningful consideration to Mr. Michaels' federal constitutional

[3] The requirements relating to the form and content of a Petition for Specialized Review will be discussed below.

> challenges to Pennsylvania's 1998 Amendment to Article I, Section 14 of the Pennsylvania Constitution.
>
> 41. Mr. Michaels alleged that the life imprisonment trigger for denying bail under the 1998 Amendment violates the Excessive Bail Clause of the Eighth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution since it categorially denies bail to an entire class of defendants without any consideration of the dangerousness of the individual and/or any individualized facts of the particular case. See Pet'r 's Ex. 1 (Motion to Set Reasonable Bail, ¶¶ 28 - 37) .
>
> 42. However, the trial court did not specifically address those federal constitutional claims. Instead, it merely cited the history of the amendment to Article I, Section 14 and its legislative justification. Pet'r' s Ex . 3 at 16-18.
>
> 43. Notably, it did not address the legal arguments and the case law cited by Mr. Michaels. Mr. Michaels is left to guess the application of the law to the facts in this case due to the absence of any analysis at all.

(Doc. 16-1, pp. 9-10). On August 27, 2024, the Superior Court issued a three-page Order affirming the trial court's denial of bail. The Superior Court did not address the merits of Michael's constitutional claim outlined above, but in a footnote held that they were "waived as underdeveloped." *Commonwealth v. Michaels*, 326 A.3d 464, p.3, n.3 (Pa. Super. Ct. Aug. 27, 2024) (Table) (attached as Doc. 15-3). The Superior Court stated:

> Michaels attempts to raise a challenge that Article I, Section 14 of the Pennsylvania Constitution violates the 8th and 14th Amendments to the United States Constitution; we find the argument is waived as underdeveloped. *See Commonwealth v. Briggs*, 12 A.3d 291 (Pa. 2011) (finding that incorporation by reference is an unacceptable manner of appellate advocacy and that thus, those claims are waived). We decline to opine on the constitutionality of Michaels' claim.

*Id.*

**B. The Exhaustion Requirement**

The Respondents argue that Petitioner did not exhaust the constitutional claims raised here by presenting them first to the Pennsylvania courts and that those claims are now procedurally defaulted based on independent and adequate state law grounds. Petitioner asserts that Respondents argue the wrong standards relating to the exhaustion requirement, that even if exhaustion were required here it would be futile, that assuming exhaustion were required it should be excused, and, alternatively, that he did indeed exhaust is state court remedies. The issue of whether Petitioner, a pretrial detainee proceeding under 28 U.S.C. § 2241, is subject to the exhaustion requirement, and the parameters of the requirement will be discussed

first. Whether the Petitioner's claims are procedurally defaulted will be addressed in the following section.

i. Petitioner was Required to Exhaust

Five decades ago, the Third Circuit's decision *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975), affirmatively addressed whether a petitioner proceeding pursuant to Section 2241 is subject to the exhaustion requirement. The Court held:

> For state prisoners, federal habeas corpus is substantially a post-conviction remedy, *Peyton v. Rowe*, 391 U.S. 54, 60, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1967); *see* 28 U.S.C. § 2254.4. Nevertheless, jurisdiction to issue the writ exists in the federal courts before a judgment is rendered in a state criminal proceeding. *See* 28 U.S.C. § 2241.
>
> In discussing exhaustion in the habeas corpus context, few cases discern between *pre*-trial and *post*-trial situations. With respect to state prisoners, it is only in the post-trial setting that exhaustion has been mandated by statute, 28 U.S.C. § 2254(b). 28 U.S.C. § 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism. The distinction between § 2241, pre-trial exhaustion, and § 2254, post-trial exhaustion, is recognized and discussed in Justice Rehnquist's dissent in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503, 93 S.Ct. 1123, 35

> L.Ed.2d 443 (1973). For our purposes, it is sufficient to recognize that, although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned.

*Id* at. 441–42. Cases following *Moore* have reiterated that the exhaustion requirement enshrined in 28 U.S.C. § 2254(b), applies equally to Section 2241 petitions in the pre-trail context – even those involving pre-trail detention. As recognized in *Moore*, this requirement "plainly stemmed from considerations of comity rather than power, and envisaged only the postponement, not the relinquishment, of federal habeas corpus jurisdiction, which had attached by reason of the allegedly unconstitutional detention and could not be ousted by what the state court might decide." *Id.* at 442. Thus, "ordinarily the federal court should stay its hand on habeas pending completion of the state court proceedings." *Id. See also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (affirming the dismissal of a section 2241 Petition that claimed, *inter alia*, excessive bail for failure to exhausted state remedies); *Green v. Piazza*, No. 1:11-CV-1456, 2011 WL 3739356 (M.D.

Pa. Aug. 23, 2011) (dismissing Section 2241 Petition raising*, inter alia*, an excessive bail claim for failure to exhaust state court remedies).

As Judge Kane of this Court recently concisely explained: "Regarding exhaustion, although Section 2241 does not contain a statutory exhaustion requirement like Section 2254…an exhaustion requirement has developed through decisional law, applying principles of federalism. Moreover, although there is a distinction in the statutory language of Sections 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned. Accordingly, the petitioner must have exhausted their state-court remedies regarding their claims before the federal court can consider their merits." *Barr v. Shenk*, No. 1:26-CV-01043-YK, 2026 WL 1383767, at *3 (M.D. Pa. May 18, 2026) (cleaned up).

**C. Procedural Default**

"To properly exhaust state remedies, a Section 2241 habeas petitioner must invoke 'one complete round of the state's established appellate review process.'" *Barr v. Shenk,* at *4 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "The petitioner bears the burden of

showing that all claims alleged have been 'fairly presented' to the state courts, and 'it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based.'" *Id.* (quoting *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).

Respondents argue that the claims raised in the instant Petition, *viz.*, that Article 1, Section 14 of the Pennsylvania Constitution addressing bail in Pennsylvania violated the Excessive Bail Clause of the Eighth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment, have not been fully presented in the state court and therefore are unexhausted. Further, because the Superior Court found that those claims were waived, Respondents assert that the claims are now procedurally defaulted. Petitioner argues that he properly presented his claims to the state courts, which refused to address them. Petitioner asserts "the issue was properly raised to the superior court but it elected to punt on the issue." (Doc. 16, p. 6).

"Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to

ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Id.*

As fully set forth above, Petitioner raised the constitutional issues presented in the instant habeas Petition in four paragraphs of his forty-three-paragraph Petition for Specialized Review filed in the Superior Court of Pennsylvania. While Petitioner referenced the constitutional issues and asserted that they were not addressed by the trial court, no legal argument in support of the contention that the Pennsylvania Constitution's treatment of bail violates the United States Constitution

was presented to the Superior Court. The Superior Court found the argument to be waived as underdeveloped.

Respondents argue that Pennsylvania Rule of Appellate Procedure 2119, which provides that each argument raised shall be "followed by such discussion and citation of authorities as are deemed pertinent," provided an adequate and independent state procedural rule for purposes of procedural default. (Doc. 15, p. 8). While Respondents are correct in asserting that Pa. R. App. P. 2119 requires that appellate briefs must meaningfully develop legal arguments and cite to appropriate authorities, Petitioner is equally correct in asserting that Appellate Rule 2119 is completely inapposite in this case. Rule 2119 applies to *appellate briefs*. That Rule is contained in Chapter 21 of Pennsylvania's Appellate Rules. The relevant appellate document here, however, was a Petition for Specialized Review addressed in Chapter 16 of Pennsylvania's Appellate Rules which has its own separate and distinct set of rules for appellate advocacy. The rules providing for the form and content for a Petition for Specialized Review pursuant to Rule 1610 are set forth in Rule 1603 which specifically provides that "No

supporting brief is permitted or required; the petition for specialized review shall present all contentions and arguments relied on with accuracy, brevity, and clarity." Pa. R. App. P. 1603(d).

Although Petitioner was not subject to Rule 2119, he was subject to the long-standing requirement in Pennsylvania that appellate arguments be developed and—although that requirement is "embodied" in the Pennsylvania Rules of Appellate Procedure—it is established by Pennsylvania Supreme Court precedent independently of those rules. *See Leake v. Dillman*, 594 F. App'x 756, 758 (3d Cir. 2014) (citing *Commonwealth v. Bracey*, 568 Pa. 264, 273 n.4 (1999)); *see also Commonwealth v. Clayton*, 572 Pa. 395, 402 (2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

Indeed, the Pennsylvania Superior Court has recognized a petitioner pursing a Petition for Specialized Relief under Rule 1610 is not permitted to file a brief in support of the petition and "[i]nstead, the petition itself must contain 'a concise statement of the reasons why the trial court ... erred,' and 'shall present all contentions and arguments

relied on with accuracy, brevity, and clarity'" and therefore the petition must present relevant legal argument. *Commonwealth v. Langley*, 344 A.3d 1091, 1091, n. 3 (Pa. Super. 2025), *appeal denied*, 352 A.3d 459 (Pa. 2026). Accordingly, legal argument is required. Here, as in *Langley*, the Petition for Specialized Relief did not contain any legal argument on the specific issue at hand. *See also Commonwealth v. Bryant*, 352 A.3d 954, n. 6 (Pa. Super. Ct. 2025) (deeming an argument waived in a Petition for Specialized Review where petitioner failed to address the issue).

"A state procedural rule is 'independent' if it is separate from the federal issue." *Leake v. Dillman*, 594 F. App'x at 758. "Here, it is beyond dispute that the Superior Court's determination that Petitioner had waived his claims was pursuant to state law, and was separate from the federal issues before it." *Id.* The Third Circuit has recognized that the requirement by the Pennsylvania Supreme Court that appellate arguments be "developed" is firmly established and "regularly followed." *Id.* at 758–59.

Because the Pennsylvania Superior Court deemed Petitioner's federal constitutional challenge to the Pennsylvania Constitution's provision regarding bail waived as underdeveloped, the issue has been procedurally defaulted.[4]

i. Petitioner's Procedural Default Cannot be Excused

Petitioner argues that even if he procedurally defaulted his claims, any default should be excused. "If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice." *Angelillo v. Warden SCI-Coal Township*, 3:25CV1929, 2026 WL 1896215, at *3 (M.D. Pa. July 1, 2026) (citing *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000)). "To demonstrate cause' for a procedural

[4] This is not to say that the Court is not sympathetic to Petitioner's argument that he raised his constitutional argument in his Petition for Specialized Relief in the final four paragraphs of his Petition. However, it is not for this Court to interpret Pennsylvania's principles of appellate jurisprudence or to second guess the Pennsylvania Superior Court's application of those rules. The Pennsylvania Superior Court found that the Petition for Specialized Relief did not contain sufficient legal argument, and the constitutional claims were waived. That decision must be respected by this Court.

default, a petitioner must point to some objective external factor which impeded their efforts to comply with the state's procedural rule." *Culley v. Adams*, 1:23-CV-01513, 2026 WL 2137345, at *8 (M.D. Pa. July 24, 2026) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Petitioner here has not crossed this first hurdle. While a petitioner seeking to review a bail decision through a Petition for Specialized Relief is limited by Pa. R. App. P. 1603, the Rule does not prevent legal argument and, as the Superior Court indicated in *Commonwealth v. Langley*, *supra*, such argument is necessary to avoid a claim being deemed waived. Therefore, it cannot be said that some objective external factor impeded Petitioner's efforts to comply with the state's procedural rules. Accordingly, "cause" has not been established to excuse the procedural default.[5]

**D. Futility**

---

[5] Nor can it be said that the fundamental miscarriage of justice exception to the rule of procedural default applied here. "[T]he Supreme Court requires that the petitioner show that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Angelillo*, 2026 WL 1896215, at *3 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner asserts that because he challenges the validity of Article 1, section 14 of the Pennsylvania Constitution, he would not be required to exhaust his state remedies because exhaustion would be futile and cites *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005) in support of that proposition. *Woodall*, which addressed the validity of the Federal Bureau of Prison's (BOP) regulations limiting placement in community confinement, is inapposite here. Exhaustion was not an issue in *Woodall*. In a footnote, the Court of Appeals noted: "The District Court excused Woodall's failure to exhaust his administrative remedies. It determined that exhaustion would be futile, given that Woodall is not challenging the application of the BOP regulations, but their validity. The government does not contest this issue on appeal. We agree with the District Court that the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies, and we affirm on this matter." *Id.* at 239, n. 2. The Court cited *Pimentel v. Gonzales*, 367 F. Supp. 2d 365 (E.D.N.Y. 2005), which also addressed a challenge to the BOP's regulations regarding placement in community confinement. *Pimentel*

*v. Gonzales* recognized that "courts have frequently waived exhaustion requirements in Section 2241 challenges to the December 2002 Policy on the grounds that exhaustion would be futile." 367 F. Supp. 2d 371. However, as stated in *Pinto v. Menifee*, No. 04 CIV 5839, 2004 WL 3019760, at *3 (S.D.N.Y. Dec. 29, 2004), the reason exhaustion was waived as futile was that "to do so would be useless, since the BOP policy is the result of a directive from the Department of Justice that the BOP is powerless to change." That is not the case here, there was no prohibition or reason why the Pennsylvania Superior Court could not address Petitioner's federal constitutional claim had it been properly presented. *See Smith v. Pennsylvania*, No. 1:11-CV-0264, 2011 WL 1375015, at *2 (M.D. Pa. Apr. 12, 2011) ("Before a state prisoner brings an action in federal court, the state court should retain the first opportunity to address purported violations of a state prisoner's constitutional rights."). Accordingly, it cannot be said that it would have been futile for Petitioner to present his constitutional claim to the Superior Court, which goes to the heart of the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[T]he exhaustion

doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.").

**E. Unavailability of State Remedies**

Petitioner argues that his claims are "technically exhausted because no state remedies remain available to him." (Doc. 16, p. 4). Petitioner asserts that he could not file a Petition for Specialized Review because under Pa. R. App. P. 1602(a), such petitions must be filed within thirty days of the date of the order denying bail. (*Id.*). This argument, however, ignores the fact that the claims were already presented to the Superior Court on a Petition for Specialized Review, which deemed them waived and that these claims are now procedurally defaulted.

Even assuming that Petitioner's claims are considered exhausted because "there are no state remedies available to him… it does not necessarily follow, however, that [Petitioner] is entitled to an adjudication of the merits of his unexhausted federal habeas claims merely because it is now futile to attempt to raise them in state court."

*Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000) (internal quotation omitted). "A finding of futility merely eliminates the procedural pretense of requiring a federal habeas petitioner to return to an unavailable state forum for nonexistent relief. Futility, without more, does not mean that the federal courts may proceed to the merits of the petitioner's claims." *Id.* "When exhaustion is futile because state relief is procedurally barred, federal courts may only reach the merits if the petitioner makes the standard showing of 'cause and prejudice' or establishes a fundamental miscarriage of justice. *Id.* (citing *Caswell v. Ryan*, 953 F.2d 853, 861 (3d Cir. 1992). As discussed above, Petitioner has not made such a showing.

**F. Extraordinary Circumstances**

Finally, Petitioner asserts that exhaustion should be excused based on extraordinary circumstances. Beyond a general assertion that pretrial custody constitutes a deprivation of a liberty interest—common to every pretrial detainee—there is no support for the assertion that this case presents extraordinary circumstances. In explaining excusing exhaustion based on extraordinary circumstances in the context of a

challenge under Section 22441 to pretrial detention, the United States District Court for the Eastern District of Pennsylvania recently wrote:

> If the petitioner has not exhausted his remedies, this Court may still adjudicate the petition if there are "extraordinary circumstances." *Moore*[*v.DeYoung*], 515 F.2d, [437] 443 [3d Cir. 1975]. While what constitutes "extraordinary circumstances" is not well-defined, it is established that it must include some "quality of delay, harassment, bad faith or other intentional activity," which, under the circumstances of that particular case, would justify setting aside the exhaustion requirement. *Id.* at 447 n.12. "Absent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly when the moving party has an adequate remedy' in state court." *Gonzalez v. Waterfront Comm'n of New York Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). The Court of Appeals has rejected "run-of-the-mill challenges to indictment, arrest, interrogation, and denial of pre-trial release" as being insufficient to qualify as "extraordinary circumstances." *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 n.2 (3d Cir. 2018).

*Reese v. Warden of Allegheny Cnty. Jail*, No. CV 25-1237, 2026 WL 906719, at *3 (W.D. Pa. Jan. 23, 2026), *report and recommendation adopted*, No. 2:25-CV-01237, 2026 WL 906312 (W.D. Pa. Apr. 2, 2026). *See also Duran v. Thomas*, 393 F. App'x 3, 5 (3d Cir. 2010) (unlawful bail decision was not an extraordinary circumstance that would

warrant dispensing with the exhaustion requirement); *Garrick v. City of Philadelphia*, No. CIV.A. 13-4899, 2014 WL 1466855, at *3 (E.D. Pa. Apr. 10, 2014) (extraordinary circumstances not present to excuse exhaustion, despite the nearly nineteen month delay in ruling on bail motion).

Because Petitioner has not demonstrated exceptional circumstances, the exhaustion requirement cannot be excused.

## IV. Conclusion

Writing for the Court in *Lines v. Larkins*, Judge McKee described the "path to federal habeas review" as "serpentine" and observed that "unexploded mines await[] even seasoned practitioners." 208 F.3d at 155. A Petitioner challenging a bail issue in Pennsylvania faces an even narrower path because of the restrictions contained in Pa. R. App. P. 1603. Nevertheless, a narrow and windy road does indeed exist to federal habeas review. Here, a procedural default which is inexcusable

exists, leaving the Court with no other option than to dismiss this petition with prejudice.

An appropriate Order is attached.

Dated: August 5, 2026

***/s/ Leo A. Latella***
Leo A. Latella
United States Magistrate Judge